UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19cv62488

ADRIANA HILL,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

AT DAVIE LLC d/b/a AQUA-TOTS
SWIM SCHOOLS DAVIE,

      Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff ADRIANA HILL ("Plaintiff") brings this class action against Defendant AT DAVIE LLC d/b/a AQUA-TOTS SWIM SCHOOLS DAVIE ("Defendant") and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), arising from Defendant's violations of the TCPA.

2. Defendant is an organization that specializes in the provision of swimming instructions and/or coaching to children and young adults for profit.

3. To solicit new clients, Defendant engages in unsolicited marketing with no regard for privacy rights of the recipients of those messages.

4. Defendant caused thousands of unsolicited text messages to be sent to the cellular telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provide and market their services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendant have sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

8. Plaintiff is a natural person and is a resident of Broward County, Florida.

9. Defendant is a Michigan limited liability company, with a principal address of 11510 West State Road 84, Davie, Florida 32966.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

10. Defendant directs, markets, and conducts substantial business activities in Florida.

## THE TCPA

11. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii). "A text message to a cellular telephone qualifies as a 'call' within the meaning of the TCPA." Thomas v. Peterson's Harley Davidson of Miami, L.L.C., 363 F. Supp. 3d 1368, 1371 (S.D. Fla. 2018).

14. The TCPA exists to prevent communications like the ones described within this Complaint. *See* Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

15. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

16. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

PAGE | **3** of **14**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

17. A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls"). Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See* Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## FACTS

18. Beginning on or about August 2019, Defendant began sending multiple marketing text messages to Plaintiff's cellular telephone number, ending in 8489 (the "8489 Number"), without Plaintiff's prior express consent. Below is a depiction of *one* of the text messages Defendant sent to Plaintiff:



19. Defendant's tortious conduct against Plaintiff occurred in part within this district and, on information and belief, Defendant sent the same text message complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here. In addition, jurisdiction in this district is proper because Defendant's principal place of business is in this district.

20. At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted by text message using an ATDS.

21. Plaintiff is the sole user and/or subscriber of the 8489 Number.

22. Plaintiff has been on the National Do Not Call Registry since November 07, 2009.

23. The number used by or on behalf of Defendant (954-245-0617) is known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages en masse, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

24. Long codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

25. The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a long-code, demonstrates that Defendant utilized an automatic telephone dialing system, *i.e.*, an ATDS, in transmitting the messages.

26. To send the text message, Defendant used a messaging platform (the "Platform") that

PAGE | **5** of 14

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

permitted Defendant to transmit thousands of automated text messages without any human involvement.

27. The Platform has the capacity to store telephone numbers.

28. The Platform has the capacity to generate sequential numbers.

29. The Platform has the capacity to dial numbers in sequential order.

30. The Platform has the capacity to dial numbers from a list of numbers.

31. The Platform has the capacity to dial numbers without human intervention,

32. The Platform has the capacity to schedule the time and date for future transmission of text messages.

33. To transmit the text messages at issue, the Platform automatically executed the following steps: [1] The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed; [2] The Platform then generated each number in the sequential order listed and combined each number with the content of Defendant's message to create "packets" consisting of one telephone number and the message content; [3] Each packet was then transmitted in the sequential order listed to an SMS aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers; and [4] Upon receipt of each packet, the SMS aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant. Each mobile carrier then sent the message to its customer's mobile telephone.

34. The above execution of Defendant's instructions occurred seamlessly, with no human intervention, and almost instantaneously. Indeed, the Platform is capable of transmitting thousands of text messages following the above steps in minutes, if not less.

35. The following graphic summarizes the above steps and demonstrates that the dialing of

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the text messages at issue was done by the Platform automatically and without any human intervention:



36. Defendant's unsolicited text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted approximately 5 reviewing all of Defendant's unwanted messages. Each time, Plaintiff had to stop what she (Plaintiff) was doing to look down at her (Plaintiff's) phone to review the message.

37. Plaintiff was at home when she received the complained of messages, which resulted in an audible sound and the disturbance of the domestic peace of Plaintiff's home.

38. Plaintiff estimates that she wasted approximately 5 minutes researching Defendant and the source of Defendant's messages, attempting to determine how Defendant obtained Plaintiff's telephone number. During this process, Plaintiff was upset and confused as to how Defendant had obtained her telephone number.

39. Subsequently, Plaintiff wasted approximately 5 minutes on the National Do Not Call Registry website to determine whether her number was registered.

40. Next, Plaintiff wasted approximately 30 minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages.

41. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least 45 minutes of her time in addressing and attempting to stop Defendant's solicitations. This time was spent while Plaintiff was at her home and could have been pursuing other personal activities.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

42. Defendant's text messages to Plaintiff caused the depletion of Plaintiff's cellular telephone battery. The battery used to power Plaintiff's cellular telephone can only be recharged a limited number of times before the battery's voltage begins to decrease, causing the cellular phone to turn off completely, without warning, if the battery drops below the minimum voltage needed to safely power Plaintiff's cellular telephone.

43. Defendant's text messages took up memory space on Plaintiff's cellular telephone, with each message taking up approximately 190 bytes. The cumulative effect of unsolicited text messages, such as those complained of by Plaintiff herein, poses a real risk of ultimately rendering the phone unusable for text messaging purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

44. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

### *PROPOSED CLASS*

45. Plaintiff brings this case on behalf of the following classes (collectively, the "Class"):

> **No Consent Class**: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** using the same type of equipment used to text message Plaintiff **[6]** from Defendant or anyone on Defendant's behalf.
>
> **Do Not Call Registry Class:** **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was sent one or more text message **[5]** within any 12-month period **[6]** from Defendant, or another person or entity acting on Defendant's behalf, **[7]** whereby said cellular telephone number was placed on the national do-not-call registry more than thirty-one (31) days prior to the class member being sent the subject text messages(s).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46. Defendant and their employees or agents are excluded from the Class.

47. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

*NUMEROSITY*

48. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

49. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

*COMMON QUESTIONS OF LAW AND FACT*

50. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS; [2] Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls; [3] Whether Defendant conduct was knowing and willful; [4] Whether Defendant are liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

51. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

PAGE | **9** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *TYPICALITY*

52. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

53. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## *SUPERIORITY*

54. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

55. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## *COUNT I*
## **VIOLATIONS OF 47 U.S.C. § 227(b)**
*On Behalf of Plaintiff and the No Consent Class*

56. Plaintiff re-alleges and incorporates paragraphs 1-55 as if fully set forth herein.

57. Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls, or more precisely, *text messages*, were sent without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to text the cell phones of Plaintiff or the other members of the putative Class when such text messages were sent.

58. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

59. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future calls. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of No Consent Class.

60. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cell phones using an automatic telephone dialing system; **[3]** A declaration that Defendant used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and **[4]** Any other relief the Court finds just and proper.

## *COUNT II*
## **VIOLATION OF 47 U.S.C. § 227(c)**
*On Behalf of Plaintiff and the Do Not Call Registry Class*

61. Plaintiff re-alleges and incorporates paragraphs 1-55, and as if fully set forth herein.

62. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

63. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

64. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

65. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

66. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

67. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class members were more than one text message in a 12-month period by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200.

68. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

69. **WHEREFORE**, Plaintiff requests the Court to enter judgment in favor of Plaintiff and the Do Not Call Registry Class, and against Defendant that provides the following relief: [1] Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; [2] A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling or texting cellular telephone numbers that have been registered for more than 31-days on the Do Not Call Registry; [3] Any other relief the Court finds just and proper.

## JURY DEMAND

70. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DOCUMENT PRESERVATION DEMAND

71. Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the text messages as alleged herein.

DATED: October 6, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **14** of **14**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com